IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM D. BURGAN, LYNETTE BURGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEXANDER NIXON, THOMAS RIEGER, CARBON COUNTY,<br><br>Defendants. | CV 16-61-BLG-CSO<br><br>ORDER ADDRESSING DEFENDANTS' MOTIONS TO STAY PROCEEDINGS PENDING APPEAL<br>and<br>PLAINTIFFS' MOTION TO CERTIFY APPEAL AS FRIVOLOUS |

The following three motions are before the Court for ruling:

1. to stay proceedings pending appeal filed by Defendants Carbon County Attorney Alexander[1] Nixon ("Nixon") and former Carbon County Sheriff Thomas Rieger ("Rieger"), *ECF No. 29*;

2. to stay proceedings pending appeal filed by Defendant Carbon County ("the County"), Montana, *ECF No. 31*; and

3. to certify as frivolous the appeal filed by Plaintiffs William D. Burgan ("Bill Burgan" or "Burgan") and Lynette Burgan (collectively, the "Burgans"), *ECF No. 35*.[2]

---

[1]As noted previously, Nixon represents that his first name is "Alex," not "Alexander." *See ECF No. 12 at 6, n.1.*

[2]A fourth motion – Defendants' Joint Motion to Dismiss Plaintiffs' Amended Complaint (*ECF No. 33*) – is not addressed herein.

For the reasons discussed below, the Court: (1) denies the motion to certify the appeal as frivolous; (2) grants the motion to stay proceedings pending appeal filed by Nixon and Rieger; and (3) grants the County's motion to stay proceedings pending appeal.

I. **Background**[3]

On August 23, 2016, the Court issued an Order granting in part and denying in part Defendants' joint Rule 12(b)(6)[4] motion to dismiss. *Order Addressing Defts' Joint Mtn. to Dismiss (ECF No. 19) 49-50.* The Court granted the motion, without prejudice, to the extent that it sought dismissal of Plaintiff Lynette Burgan's claims. But the Court denied the motion to the extent that it sought determinations that: (1) Nixon was entitled to absolute immunity as a prosecutor, *id. at 24-26*; (2) Nixon and Rieger were entitled to qualified immunity for claims that they violated the U.S. Constitution, *id. at 27-39*; (3) Bill Burgan's

---

[3]In its Order addressing Defendants' joint motion to dismiss, the Court set out this matter's background as alleged in Plaintiffs' Complaint. *ECF No. 19 at 2-14.* The Court will not repeat the background here except as necessary to explain its rulings.

[4]References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

state law claims should be dismissed because he did not have a recognized property interest in the easement at issue when he was charged with criminal trespass and that the charge was supported by probable cause, *id. at 39-40*; and (4) claims against the County should be dismissed, *id. at 42-49*.

On September 16, 2016, Nixon and Rieger appealed denial of their motion to dismiss. *Notice of Appeal (ECF No. 24)*. They maintain that they "appeal the determination that they are not entitled to immunity as a matter of law." *Joint Answer Br. Opposing Mtn. to Certify the Appeal as Frivolous (ECF No. 43) at 2*. The County did not appeal.

On September 23, 2016, Nixon and Rieger filed their motion to stay proceedings pending appeal. *Mtn. for a Stay (ECF No. 29)*. Also on September 23, 2016, Carbon County filed its motion to stay proceedings pending appeal. *County's Mtn. to Stay (ECF No. 31)*.

On October 7, 2016, the Burgans filed their consolidated response in opposition to the motions to stay. *Pltfs' Consolidated Resp. Br. (ECF No. 37)*. They also filed a motion to certify the appeal filed by Nixon and Rieger as frivolous. *Pltfs' Mtn. to Certify Appeal as Frivolous (ECF*

*No. 35).*

## II. Summary of Parties' Arguments

Nixon and Rieger argue that: (1) an order denying qualified immunity is immediately appealable, *Nixon & Rieger's Supporting Br. (ECF No. 30) at 2*; (2) a pending appeal from such an order generally deprives the district court of jurisdiction, *id.*; and (3) the Court should stay proceedings against them because the immunity sought is immunity from suit, so if they are found during the appeal to have immunity, allowing the case to progress now could deprive them of such immunity, *id. at 3*.

The County argues whether Nixon and Rieger are immune is "inextricably intertwined" with the County's liability for the Burgans' claims. *County's Supporting Br. (ECF No. 32) at 2*. It also argues that all four factors the Court is to consider when deciding whether to stay proceedings pending an interlocutory appeal weigh in favor of a stay. Specifically, the County argues that: (1) the Ninth Circuit likely will conclude that Nixon and Rieger have immunity because the right that they are accused of violating was not clearly established at the time of

their actions and the issue of whether it was poses a serious and substantial question, *id. at 2-3*; (2) the County likely will suffer irreparable harm without a stay because County liability derives from the liability of Nixon and Rieger and it is likely that the Ninth Circuit will conclude that they did not violate Plaintiffs' rights, thus relieving the County of liability, *id. at 3-4*; (3) without a stay, other parties could be injured because: (a) it is possible that two trials – one involving Plaintiffs' claims against the County and the other, if the Ninth Circuit affirms the Court's August 23, 2016 order, involving Plaintiffs's claims against Nixon and Rieger – could occur causing duplicative discovery, witnesses, and juries; or (b) it is possible that there could be conflicting legal determinations if the Ninth Circuit reverses the Court's order by determining that no violation of Plaintiffs' rights occurred while the trier of fact could reach the opposite conclusion in the action against the County, *id. at 4*; and (4) the public has an interest in judicial economy and "an interest in the circumstances under which its local governments can be successfully sued due to routine actions of its law enforcement personnel enforcing the laws of the State of Montana[,]"

*id. at 4-5*.

In response to the motions to stay, the Burgans, as noted, have moved the Court to certify that the appeal is frivolous. *ECF No. 35*. They argue that: (1) Nixon's claimed entitlement to absolute immunity as a prosecutor is frivolous because the Burgans are not suing him for prosecuting them, but for advising Rieger, during a sheriff's criminal investigation, that Bill Burgan and his son committed a trespass, *Br. in Spt. of Mtn. To Certify (ECF No. 36) at 6-7*; and (2) Nixon's and Rieger's claimed entitlement to qualified immunity is frivolous because: (a) they lacked probable cause to charge Bill Burgan and his son with criminal trespass because civil disputes cannot give rise to probable cause; and (b) Nixon and Rieger knew of Burgan's claimed easement to the headgate and knew that the dispute about it was a civil matter, *id. at 7-10*.

The Burgans also oppose the motions to stay arguing that: (1) Nixon's and Rieger's appeal is frivolous, as argued in their motion to certify the appeal as frivolous, so that this Court is not divested of its jurisdiction over this matter as it concerns them, *Pltfs' Consolidated Br.*

*in Resp. to Mtns. to Stay (ECF No. 37) at 2-4*; (2) the County did not appeal the Court's August 23, 2016 Order, so the Court continues to have jurisdiction over the County despite the other defendants' appeal, *id. at 2-3*; (3) the factors the Court is to consider in deciding whether to stay proceedings involving the County weigh against staying the matter because: (a) to the extent the County's liability is tied to the other defendants, the likelihood of success for Nixon and Rieger on appeal is poor since their appeal is frivolous, *id. at 3-5*; (b) the County will not suffer irreparable harm if the case is not stayed because monetary injury is not normally considered irreparable, expenditure of resources preparing for trial would not be wasted, and the risk of two trials is not irreparable as the Burgans consent to a schedule that does not include a trial setting at this time, *id. at 6-7*; (c) a stay would result in years of delay and potential loss of evidence for the Burgans, *id. at 7-8*; and (d) the public's interest is best served by allowing the Burgans to preserve evidence and have their day in court, *id. at 9*.

### III. <u>Discussion</u>

The motions to stay proceedings pending appeal necessarily will

be affected by the Court's decision on the Burgans' motion to certify the appeal as frivolous. Thus, the Court first addresses the Burgans' motion to certify as frivolous the appeal filed by Nixon and Rieger.

### A. Motion to Certify the Appeal as Frivolous

Like this Court's August 23, 2016 Order, "pretrial orders denying qualified immunity generally fall within the collateral order doctrine." *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2019 (2014). Provided such an order "turns on an issue of law," it is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *A.K.H. by and through Landeros v. City of Tustin*, ___ F.3d ___, 2016 WL 4932330, *3 (9th Cir., Sept. 16, 2016) (Ninth Circuit has jurisdiction over "legal" but not "factual" interlocutory appeals) (citations omitted).

Filing this type of interlocutory appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citation omitted). But there is an exception. "Should the district court find that the defendants' claim of qualified immunity is frivolous ..., the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may

proceed to trial." *Id*. A district court may deem an appeal frivolous "when the result is obvious or the appellant's arguments are wholly without merit." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation omitted). As some courts have observed, for an appeal to be frivolous, it must be "so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." *Isayeva v. County of Sacramento*, 2015 WL 6744529, *2 (E.D. Cal., Nov. 4, 2015) (citing *Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, *3 (N.D. Cal., June 18, 2007) (*quoting Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (internal quotation marks omitted))).

Under the foregoing authority, the Court cannot conclude that the appeal filed by Nixon and Rieger is "wholly without merit." *Id*. In its August 23, 2016 Order, the Court determined both that: (1) Bill Burgan sufficiently alleged facts supporting his claims of alleged violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, *ECF No. 19 at 30-33*; and (2) such constitutional rights were clearly established at the time and under the case's specific

context, *id. at 33-38*.  But it is not beyond peradventure that reasonable jurists could differ respecting the sufficiency of Bill Burgan's factual allegations supporting his claims, or even that the constitutional rights alleged to have been violated were clearly established under the specific context of this case.  Although this Court believes that it correctly made those determinations in reviewing those issues, others reasonably may view the issues differently.  Thus, the Court cannot say that the appeal filed by Nixon and Rieger is frivolous.  The Burgans' motion to certify it as frivolous, therefore, is appropriately denied.

B.   **Motions to Stay Proceedings Pending Appeal**

1.   **Motion Filed by Nixon and Rieger**

Respecting the motion to stay filed by Nixon and Rieger, the Court is compelled to grant the motion.  As noted, the Ninth Circuit has concluded that, absent the district court's certification that an appeal is frivolous, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal."  *Chuman*, 960 F.2d at 105.

As noted above, the Court is denying the Burgan's motion to certify as frivolous the appeal filed by Nixon and Rieger.  Under

*Chuman*, this automatically divests the Court of jurisdiction to proceed with trial pending appeal. But the deprivation of jurisdiction is applicable only "over the particular issues involved in that appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Thus, the Court will grant the motion to stay pending appeal to the extent it relates to the appeal filed by Nixon and Rieger.

### 2. The County's Motion to Stay Proceedings

The County's motion to stay presents a closer question. As noted, the County did not appeal the Court's August 23, 2016 Order denying the County's motion to dismiss the Burgans' action against it. Thus, despite the appeal filed by Nixon and Rieger, the Court "still has jurisdiction over aspects of the case that are not the subject of the appeal." *Castro v. Melchor*, 760 F.Supp.2d 970, 1003 (D. Hawaii 2010) (citations omitted).

The Supreme Court has determined this Court must examine four factors to evaluate the merits of the County's motion to stay proceedings: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). The Supreme Court also noted:

> A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. The fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion .... A motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.

*Id*. at 433-34 (internal citations and quotations omitted).

In elaborating upon the four factors comprising the "traditional standard" for a stay listed above, the Supreme Court added:

> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." More than a mere "possibility" of relief is required. By the same token, simply showing some "possibility of irreparable injury" fails to satisfy the second factor. As the Court pointed out earlier this Term, the "possibility" standard is too lenient.

*Id.* at 434-35 (citations and some quotations omitted).

In the case at hand, after considering the four factors and exercising its discretion within their framework, the Court concludes that a stay is appropriate, as discussed below.

### a. **Likelihood of Success**

The Court concludes that the first factor – that is, whether the appeal filed by Nixon and Rieger is likely to be successful – is neutral. In this Court's opinion, the County has not made a "strong showing" of likelihood of success on the merits. Rather, it has merely argued that the Ninth Circuit will determine that, under Montana law, a secondary easement must be determined by a Montana district court and that "the entirety of the right to the secondary easement [cannot be] 'clearly established' until such a court determination is made." *ECF No. 32 at 3*. As noted above, this Court has concluded that Nixon and Rieger are not entitled to immunity under this argument. But the Court also has concluded that their appeal is not frivolous. Thus, this factor weighs neither in favor of nor against a stay of proceedings in this Court respecting the action against the County.

### b. Harm to the County if Stay Denied

The Court concludes that this factor supports a stay pending resolution of the appeal. Because the Court already has determined that a stay is appropriate as to Nixon and Rieger, it necessarily follows that a stay is appropriate respecting the Burgans' claims against the County.

The Burgans alleged in their original Complaint that the County's municipal liability arose when Nixon acted as "Carbon County's policymaker in rendering opinions to County officers on matters relating to their duties" and when Rieger acted as "Carbon County's policymaker concerning the issuance of misdemeanor complaints by the sheriff's department[.]" *ECF No. 1 at ¶¶ 16, 18.* Thus, at least at this stage of the proceedings, the County's liability is tied to the liability of Nixon and Rieger. To require the County to proceed with discovery in the absence of Nixon and Rieger, and to otherwise defend the claims against it, would put the County in an untenable position and cause it irreparable harm as the case proceeds.

### c. Substantial Injury to Other Parties

This factor is neutral. Nixon and Rieger may suffer some injury should the Court decline to stay proceedings against the County while the proceedings against them are stayed.

But there exists a possibility of some injury to the Burgans if a complete stay is imposed. The events giving rise to this action occurred about three years ago. The Burgans filed this action nearly six months ago. Because motions to dismiss were filed, briefed, and recently resolved, no discovery and trial schedule is in place. And, because Nixon and Rieger have now filed an interlocutory appeal, further – and perhaps lengthy – delay may follow.

The Court concludes that any injury to the Burgans would be outweighed by harm to the County if it is required to proceed in Nixon and Rieger's absence, for reasons already stated. It also would be highly inefficient and a waste of scarce judicial resources if this matter were bifurcated for discovery, particularly in light of the close connection between the claims against the County and claims against Nixon and Rieger.

### d. Public Interest

The public interest factor weighs in favor of a stay. Although the public always has an interest in the timely resolution of litigation, it also has an interest in efficient and economical litigation. This is particularly apparent when a governmental entity is involved because public resources are often at stake. On the current record, and especially in light of the fact that the Court will stay the matter as it relates to Nixon and Rieger pending their appeal, at this stage of the proceedings the Court concludes that this factor weighs more heavily in favor of granting a stay.

### e. Summary

After consideration of the *Nken* factors, and for the reasons discussed above, the Court concludes that the County has met its burden of establishing that a stay is appropriate. Thus, the County's motion for a stay is appropriately granted.

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that:

1. the Burgans' motion to certify as frivolous the appeal filed by

Nixon and Rieger (*ECF No. 35*) is DENIED;

2. the motion to stay proceedings pending appeal filed by Nixon and Rieger (*ECF No. 29*) is GRANTED; and

3. the motion to stay proceedings pending appeal filed by the County (*ECF No. 31*) is GRANTED.

DATED this 7th day of November, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge